DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| BAYSIDE CONSTRUCTION, LLC, )<br>                Petitioner, )<br>)<br>       v.                    )<br>)<br>JEFFREY M. SMITH and SARAH A. SMITH, )<br>                Respondents. )<br>) | Case No. 3:20-cv-0117 |

**ATTORNEYS:**

**David J. Cattie**
The Cattie Law Firm, P.C.
St. Thomas, U.S.V.I.
    *For Plaintiff Bayside Construction, LLC,*

**Christopher A. Kroblin**
Kellerhals Ferguson Kroblin PLLC
St. Thomas, U.S.V.I.
    *For Defendants Jeffrey M. Smith and Sarah A. Smith.*

## MEMORANDUM OPINION

**MOLLOY, C.J.**

**BEFORE THE COURT** is Respondents Jeffrey M. Smith and Sarah A. Smith's (collectively, "the Smiths") Motion to Vacate Arbitration Award (ECF No. 8) and Memorandum in Support thereof (ECF No. 9) (interchangeably, "Motion"). Also before the Court is Petitioner Bayside Construction LLC's ("Bayside") Petition to Confirm Arbitration Award. ECF No. 1. For the reasons set forth herein, the Court will deny Respondent's motion and confirm the arbitration award and will issue a Judgment confirming the award.

## I.     FACTS AND PROCEDURAL HISTORY

On April 26, 2018, Bayside and the Smiths entered into a contract wherein Bayside agreed to perform certain repairs on the Smiths' home in Botany Bay, St. Thomas, V.I, in exchange for a total of $734,516.83. ECF No. 1-3, at 1, 16. Contained in the contract was an agreement to resolve any disputes arising from the contract, or its breach, through binding arbitration. *Id.* at 6.

A dispute between the parties eventually arose, with the Smiths alleging inadequate performance and Bayside alleging nonpayment. Bayside filed a lawsuit in this Court on April 25, 2019. *Bayside Construction, LLC. v. Smith,* Case No. 3:2019-cv-00029. On June 4, 2019, the Smiths moved to compel arbitration. *Id.* at ECF No. 8. On June 13, 2019, the parties stipulated to the dismissal of their action, and proceeded to arbitration. *Id.* at ECF No. 9.

On October 1, 2020, the arbitrator issued his award, finding for Bayside in the amount of $242,253.46 with interest accruing at the contractual rate of 18% per annum starting November 4, 2020. ECF No. 1-1, at 6. Bayside petitioned the Court to confirm that award on November 17, 2020. ECF No. 1. On December 30, 2020, the Smiths filed their instant motion to vacate the arbitrators award, arguing that the arbitrator exceeded his authority and demonstrated a manifest disregard for the law. ECF No. 9, at 1-2. On January 13, 2021, Bayside filed its opposition to the Smiths' motion. On January 28, 2021, the Smiths filed their response thereto.

## II.     LEGAL STANDARD

Review of an arbitrator's award "begin[s] with the presumption that the award is enforceable." *Sutter v. Oxford health Plans LLC*, 675 F.3d 215, 219 (3d Cir. 2012) (citing *First*

*Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 947-48 (1995)). Indeed, upon application of any party to an arbitration for an order confirming an arbitrator's award, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections [9 U.S.C. § 10] and [9 U.S.C. § 11]." 9 U.S.C. § 9. A district court may, however, vacate an arbitrator's award in the following circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

The grounds listed in 9 U.S.C. § 10 are the exclusive statutory grounds under which a district court may vacate an arbitrator's award, and cannot be expanded, even by agreement of the parties. *See Hall St. Assocs. v. Mattel, Inc.*, 552 U.S. 576, 586 (2008) ("... the text compels a reading of the §§ 10 and 11 categories as exclusive."); *see also Sutter*, 675 F.3d at 219 ("These grounds are exclusive and may not be supplemented by contract.").

### III. DISCUSSION

The crux of the Smiths' motion is that the arbitrator's award should be vacated because the arbitrator manifestly disregarded applicable law and exceeded his authority by not applying Virgin Islands law, as the Smiths contend is required by their contract with Bayside. ECF No. 9, at 5.

An arbitrator exceeds his authority and subjects his award to judicial vacatur "when he decides an issue not submitted to him, grants relief in a form that cannot be rationally derived from the parties' agreement and submissions, or issues an award that is so completely irrational that it lacks support altogether." *Sutter*, 675 F.3d at 219-20 (citing *Ario v. Underwriting Members of Syndicate 53 at Lloyds for the 1998 Year of Account*, 618 F.3d 288, 295-96 (3d Cir. 2010)). "In other words, the task of an arbitrator is to interpret and enforce a contract. When he makes a good faith attempt to do so, even serious errors of law or fact will not subject his award to vacatur." *Sutter*, 675 F.3d at 220 (citing *Brentwood Med. Assocs. v. United Mine Workers of Am.*, 396 F.3d 237, 243 (3d Cir. 2005) (upholding an arbitration award despite the arbitrator's inexplicable reliance on language not found in the relevant agreement)).

Here, the arbitration agreement, and its requirement that disputes be resolved consistent with Virgin Islands law, is not as clear as the Smiths present. On one hand, the contract states that "[t]his Agreement and all of its provisions, exhibits and attachments will be governed by and construed, interpreted and enforced in accordance with the laws of the US VIRGIN ISLANDS, not including its conflict laws." ECF No. 1-3, at 6. On the other, however, the contract also states that "[a]ny warranty claim that thereafter remains unresolved and any other claim or dispute of any kind or nature between the Parties arising out of or relating to this Agreement, or the breach of it, or the Project must be resolved by binding arbitration, and the rules and procedures of the arbitrator." *Id.* While the Smiths claim that the arbitrator erred by "fail[ing] to cite any Virgin Islands law," ECF No. 9, at 5, the arbitrator did cite Rule R-48 of the American Arbitration Association Construction Industry Arbitration Rules in

*Bayside Construction, LLC v. Smith*
Case No. 3:20-cv-0117
Memorandum Opinion
Page 5

fashioning his remedy, ECF No. 1-1, at 5. More importantly, the arbitration agreement does not state that the arbitrator was required to cite to Virgin Islands law in rendering his decision. ECF No. 1-3, at 6. Thus, the Court finds that that, in reviewing the arbitrator's award, that the arbitrator made a good faith attempt to interpret and enforce the parties' agreement. Because of this evident good faith attempt, the Court will not inquire into whether the arbitrator made errors of law or fact, because "even serious errors of law or fact will not subject his award to vacatur." *Sutter*, 675 F.3d at 220 (internal citations omitted).

The same holds true for the Smiths' "manifest disregard" theory.[1] While there are various judicially crafted formulations for precisely what constitutes manifest disregard of the law, these formulations broadly approximate the lodestar of requiring proof "that the arbitrators were fully aware of the existence of a clearly defined governing legal principle, but refused to apply it, in effect, ignoring it." *Bellantuono v. ICAP Securities USA, LLC*, 557 Fed. Appx. 168, 174 (3d Cir. 2014) (quoting *Duferco v. Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003)). Necessarily, the legal principle must be "clearly defined" and "governing" before its disregard can form a basis for vacatur. Nonetheless as discussed *supra*, while the arbitration agreement states that the agreement be governed by, construed, interpreted, and enforced in accordance with the laws of the Virgin Islands, the

---

[1] "In the wake of *Hall Street*, a circuit split has emerged regarding whether manifest disregard of the law remains a valid ground for vacatur." *Paul Green Sch. Of Rock Music Franchising, LLC. v. Smith*, 389 Fed. Appx. 172, 176 (3d Cir. 2010); *see also id.* at 176 n. 6 (collecting cases). It remains an open question in the Third Circuit as of 2019. *See Sabre GLBL, Inc. v. Shan*, 779 Fed. Appx. 843, 849 (3d Cir. 2019). Indeed, the Supreme Court has posited that 'manifest disregard' can be read as merely referring to the §10 grounds collectively, rather than adding to them, or as shorthand for the §10 subsections authorizing vacatur when arbitrators were 'guilty of misconduct' or 'exceeded their powers.' *See Hall Street*, 552 U.S. at 585. Nevertheless, without weighing in on whether manifest disregard of the law, in itself, creates an independent non-statutory ground for vacatur, or if it is merely 'judicial flourish' added to the existing statutory grounds, the Smiths fall short of establishing entitlement to relief on this basis.

*Bayside Construction, LLC v. Smith*
Case No. 3:20-cv-0117
Memorandum Opinion
Page 6

agreement also states that that the matter be resolved by binding arbitration, and the rules and procedures of the arbitrator. ECF No. 1-3, at 6. Thus, it can hardly be said to be clearly defined that Virgin Islands law would be the sole source of governing legal principles in this case. Whether the arbitrator, by applying his own rules and procedures, erred in his interpretation is of no import. Because the arbitrator evidently made a good faith effort in interpreting the contract, "even serious errors of law or fact will not subject his award to vacatur." *Sutter*, 675 F.3d at 220 (internal citations omitted). The Court will therefore deny the Smiths' motion to vacate the arbitration award.

Absent grounds for vacatur, modification, or correction, the Court "must grant such an order" confirming the arbitrator's award. 9 U.S.C. § 9. This is not an involved proceeding. To the contrary, "the confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Teamsters Local 177 v. United Parcel Svc.*, 966 F.3d 245, 248 (3d Cir. 2020) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).

Here, the arbitrator issued an award in favor of Bayside and against the Smiths in the amount of $242,253.46. ECF No. 1-1, at 6. The arbitrator further held that that amount would accrue interest at a rate of 18% per annum, accruing from November 4, 2020, which comes to a rate of $119.46 per day.[2] *Id.* The interest rate of 18% is drawn directly from the parties' contract. ECF No. 1-3, at 1. As of August 18, 2021, 287 days have passed since November 4, 2020. Thus, $34,285.02 of interest have accrued to date, for a current total of $276,538.48.

---

[2] The Court arrives at this figure by using the following calculation: ((amount of arbitrator's award x 0.18)/365.

Having found no merit to the Smiths' motion to vacate, the Court will summarily confirm the arbitrator's award.

### IV.    CONCLUSION

For the reasons set forth above, the Court finds that the Smiths' fail to establish that the arbitrator manifestly disregarded applicable law or exceeded his authority. As such, the Court will deny the Smiths' motion to vacate the arbitrator's award by separate Order. Absent a basis for vacatur, modification, or correction, the Court must confirm the arbitrator's award.

**Dated:** August 18, 2021                                   */s/ Robert A. Molloy*
                                                                             **ROBERT A. MOLLOY**
                                                                             **Chief Judge**