DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| BAYSIDE CONSTRUCTION, LLC,<br>    Petitioner,<br><br>    v.<br><br>JEFFREY M. SMITH and SARAH A. SMITH,<br>    Respondents. | )<br>)<br>)<br>) Case No. 3:20-cv-0117<br>)<br>)<br>)<br>) |

**ATTORNEYS:**

**David J. Cattie, Esq.**
The Cattie Law Firm, P.C.
St. Thomas, U.S.V.I.
 *For Plaintiff Bayside Construction, LLC,*

**Christopher A. Kroblin, Esq.**
Kellerhals Ferguson Kroblin PLLC
St. Thomas, U.S.V.I.
 *For Defendants Jeffrey M. Smith and Sarah A. Smith.*

## ORDER

**BEFORE THE COURT** is Petitioner Bayside Construction LLC's ("Bayside") Motion for Discovery in Aid of Execution of Judgment. (ECF No. 21, hereinafter "Motion for Discovery.") Also before the Court is Respondents Jeffrey M. Smith and Sarah A. Smith's (collectively, "the Smiths") Motion to Stay Enforcement and Post-Judgment Discovery (ECF No. 26) and Memorandum in Support thereof (ECF No. 27) (interchangeably, "Motion to Stay"). For the reasons set forth herein, the Court will grant Petitioner's Motion for Discovery and deny Respondent's Motion to Stay.

### I. FACTS AND PROCEDURAL HISTORY

On April 26, 2018, Bayside and the Smiths entered into a contract wherein Bayside agreed to perform certain repairs on the Smiths' home in Botany Bay, St. Thomas, V.I, in exchange for a total of $734,516.83. ECF No. 1-3, at 1, 16. Contained in the contract was an

agreement to resolve any disputes arising from the contract, or its breach, through binding arbitration. *Id.* at 6.

A dispute between the parties eventually arose, with the Smiths alleging inadequate performance and Bayside alleging nonpayment. Bayside filed a lawsuit in this Court on April 25, 2019. *Bayside Construction, LLC. v. Smith,* Case No. 3:2019-cv-00029. On June 4, 2019, the Smiths moved to compel arbitration. *Id.* at ECF No. 8. On June 13, 2019, the parties stipulated to the dismissal of their action, and proceeded to arbitration. *Id.* at ECF No. 9.

On October 1, 2020, the arbitrator issued his award, finding for Bayside in the amount of $242,253.46 with interest accruing at the contractual rate of 18% per annum starting November 4, 2020. ECF No. 1-1, at 6. Bayside petitioned the Court to confirm that award on November 17, 2020. ECF No. 1. On December 30, 2020, the Smiths filed their instant motion to vacate the arbitrators award, arguing that the arbitrator exceeded his authority and demonstrated a manifest disregard for the law. ECF No. 9, at 1-2. On January 13, 2021, Bayside filed its opposition to the Smiths' motion. On January 28, 2021, the Smiths filed their response thereto.

On August 18, 2021, the Court issued a Judgment confirming the arbitrator's award in this matter (ECF No. 20) and set forth its reasons in its Memorandum Opinion of even date (ECF No. 19.) On August 26, 2021, Bayside filed its instant Motion for Discovery, which is fully briefed. On September 10, 2021, the Smiths filed their Motion to Stay, which is also fully briefed. On September 14, 2021, the Smiths filed a notice of appeal of this Court's August 18, 2021 Judgment and Memorandum Opinion, which is currently pending before the Third Circuit.

## II. LEGAL STANDARD

### a. Motion to Stay Enforcement

"At any time after a judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). When evaluating a motion to stay enforcement of a judgment pending appeal, a court should consider (1) whether the stay applicant made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will suffer irreparable injury absent a stay; (3) whether issuance of

the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (setting forth the factors to be considered in granting a stay under Fed. R. Civ. P. 62(c)); *accord Rep. of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991) ("Because this court ordinarily grants or denies a stay pending appeal without opinion, there is little reported authority discussing the standard we apply in entering such orders. We are guided, however, by the relatively recent opinion of the Supreme Court in *Hilton v. Braunskill*. . . .").[1] "[T]he traditional stay factors contemplate individualized judgments in each case." *Hilton*, 481 U.S. at 777. Therefore, district courts must apply each of the four factors as they apply in the individualized circumstances of each case in which they arise. *See Philippines*, 949 F.2d at 658.

### b. Motion for Discovery in Aid of Execution

"In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). "Pursuant to Fed. R. Civ. P. 69(a)(2), a party may use the full panoply of federal discovery measures to obtain discovery in aid of the judgment or execution. The scope of post judgment discovery is very broad." *Haiying Xi v. Shengchun Lu,* 804 F. App'x 170, 173 (3d Cir. 2020) (citing *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995) (internal quotations omitted). "The principal constraint is that the evidence 'must be calculated to assist in collecting on a judgment.'" *Id.* (quoting *EM Ltd. v. Rep. of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012)). Upon a grant of discovery in aid of execution, the discovery mechanisms themselves are governed by the same rules as pre-trial discovery. *See id.* Permitting a judgment creditor to seek discovery in aid of execution is generally left to a district court's discretion. *See Haiying Xi,* 804 F. App'x at 173 (" We review the denial of a Rule 69(a) motion for abuse of discretion.").

---

[1] While "the issue in *Hilton* involved the grant of a stay of an order granting a petition for habeas corpus, and thus implicated the issue of federal comity to state courts not applicable in this case, the Court explained that it was 'logical to conclude that the general standards governing stays of civil judgments should also guide courts when they must decide whether to release a habeas petitioner pending the State's appeal." *Philippines*, 949 F.2d at 658 (quoting *Hilton*, 481 U.S. at 776). "It follows that the factors enunciated by the Court in *Hilton*, are equally applicable to this court's consideration of whether to issue a stay in this case." *Id.*

## III. DISCUSSION

Because Bayside's ability to seek discovery in aid of execution is contingent on whether the Smiths' motion for a stay of execution is granted, the Court will address the two pending motions in turn, looking first to the motion to stay.

### a. Motion to Stay Enforcement

In their motion, the Smiths seek both an Order staying execution of this Court's judgment and for an order waiving the bond requirement. ECF No. 26, at 4. When determining if it should stay execution on a judgment, a court should consider (1) whether the stay applicant made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will suffer irreparable injury absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Hilton*, 481 U.S. at 776.

Here, the Smiths do not address any of these four factors directly. Rather, the Smiths appeal to the Court's discretion, arguing that the lien held by Bayside on the Smiths' property provides Bayside with sufficient security, that discovery in aid of execution would be burdensome to the Smiths, and that the Court should exercise its discretion to waive the bond requirement merely because it has the discretion to do so. *See* ECF No. 26, at 5-6. The Smiths appear preoccupied with telling the Court what it *can* do, rather than finding support in law that the Court should in fact provide the Smiths with their requested relief.

Turning to the four factors prescribed by the Supreme Court, the Court finds little support for a stay in this matter. First, the Court has already addressed the merits of the instant matter in its Memorandum Opinion explaining why it confirmed the arbitrator's award. *See generally* ECF No. 19. The Smiths have offered nothing to persuade the Court that the Third Circuit will reverse this Court's opinion, thus the Court concludes that the Smiths have not made a "strong showing that [they are] likely to succeed on the merits" of their appeal. *Hilton*, 481 U.S. at 776.

Second, the Court's Judgment in this matter is strictly financial. Therefore, it strains credulity that any progress Bayside makes in executing will amount to "irreparable injury" when all damages are financial in nature. To the contrary, "[t]he availability of adequate

monetary damages belies a claim of irreparable injury." *Frank's GMC Truck Cntr. v. General Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988).

Third, issuing a stay, particularly without a bond, will substantially injure Bayside. The Smiths argue that the lien held by Bayside on the Smiths' property is sufficient security to ensure execution at a later time. The Court disagrees. This dispute centers around repairs on the Smiths' property, and it is unclear to what extent the property has been repaired. Moreover, execution based solely on Bayside's lien will necessarily require Bayside to foreclose on that lien by separate court action. This separate foreclosure action will force Bayside to incur additional time and expense. While any additional expense incurred may be recoverable, the Court notes that the Supreme Court distinguished between an "irreparable injury" standard for a movant, and a "substantial injury" standard for the non-movant. *See Hilton*, 481 U.S. at 776. While the prospect of additional expense that Bayside may incur does not rise to the level of "irreparable injury," the Court finds that such injury is indeed "substantial." Especially where that injury can prospectively be cured by granting Bayside the ability to investigate what other assets the Smiths hold that may be able to satisfy the judgment in this case.

Lastly, the Court finds that the public interest in the speedy resolution of private civil litigation, particularly when weighed in conjunction with the first three factors, outweighs any public interest in granting a stay of execution in this matter. Therefore, the Court will deny the Smiths' motion to stay enforcement of the judgment and decline to waive the bond requirement. If the Smiths seek to have execution stayed in this matter, they shall be required to post a bond with the Court for the full amount of the judgment.

### b. Motion for Discovery in Aid of Judgment

Having determined that the Smiths are not entitled to a stay of execution of the judgment in this matter, the Court now turns to Bayside's motion for discovery in aid of judgment.

Here, the Smiths argue that Bayside's motion is premature because the automatic 30-day stay on execution had not elapsed at the time Bayside moved for discover, and because Bayside "has made no effort to ascertain when or whether the Smiths will pay the judgment, or whether they plan to appeal." ECF No. 25, at 3. However, the automatic 30-day stay has since expired, and there is neither evidence that the Smiths have paid the judgment, nor is there basis

*Bayside Construction, LLC v. Smith*
Case No. 3:20-cv-0117
Order
Page 6 of 6

in law that the Smiths' intent to pay the judgment is a relevant consideration. If the Smiths wish to avoid this discovery process, they are welcome to pay the judgment. Lastly, as discussed *supra*, there is no stay of discovery in aid of execution in this matter. Therefore, the Smiths' appeal is immaterial to the disposition of this motion.

The Smiths further argue that the requested post-judgment discovery is overbroad, not relevant, and will prejudice the Smiths. *Id.* at 4. However, "[p]ursuant to Fed. R. Civ. P. 69(a)(2), a party may use the full panoply of federal discovery measures to obtain discovery in aid of the judgment or execution. The scope of post judgment discovery is very broad." *Haiying Xi,* 804 F. App'x at 173 (citing *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995) (internal quotations omitted). Moreover, this argument addresses the mechanisms themselves as applied by Bayside, not Bayside's right to pursue discovery. Therefore, while the Court rejects this argument for purposes of preventing all discovery, as the Smiths seem to be employing it, the Smiths are certainly welcome to object to individual discovery requests by the appropriate procedures, as prescribed under applicable rules. The Court will therefore grant Bayside's motion for discovery in aid of judgment.

The premises considered, it is hereby

**ORDERED** that the Smiths' Motion to Stay Enforcement and Post-Judgment Discovery, ECF No. 26, is **DENIED**; it is further

**ORDERED** that Bayside's Motion for Discovery in Aid of Execution of Judgment, ECF No. 21, is **GRANTED**; and it is further

**ORDERED** that all disputes regarding the forthcoming discovery in aid of execution are **REFERRED** to Magistrate Judge Ruth Miller for disposition.

**Dated:** March 31, 2022                         */s/ Robert A. Molloy*
                                                                      **ROBERT A. MOLLOY**
                                                                      **Chief Judge**